UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LESLIE GRAHAM,<br><br>               Petitioner,<br><br>   v.<br><br>ATTORNEY GENERAL OF THE STATE OF NEVADA, et al.,<br><br>               Respondents. | Case No. 2:09-cv-01069-MMD-VCF<br><br>ORDER |

     This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se.* The case proceeds on the petition filed on September 18, 2009. (Dkt. no. 6.) Petitioner asserts three grounds of ineffective assistance of trial counsel in his petition.

     Ineffective assistance of counsel claims are governed by the two-part test announced in *Strickland v. Washington,* 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense. *Williams v. Taylor,* 529 U.S. 362, 390-91 (2000) (citing *Strickland,* 466 U.S. at 687). To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different. *Id.* A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.* Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight. *Strickland,* 466 U.S. at 689. It is the petitioner's burden to overcome the presumption that counsel's actions might be considered sound trial strategy. *Id.*

Under Rule 5 of the Rules Governing Section 2254 Cases, "[t]he respondent must attach to the answer parts of the transcript [from state court proceedings] that the respondent considers relevant." However, in filing their answer, respondents elected to only provide a transcript of the closing argument from petitioner's criminal trial. (*See* dkt. no. 22.) Because petitioner raises claims concerning the ineffective assistance of his trial counsel, which requires an evaluation of counsel's trial strategy, it is difficult for this Court to fathom how respondents would not find the entire transcript of petitioner's criminal trial relevant to the adjudication of the petition. Moreover, petitioner raises claims pertaining to the jury instructions given at his trial. Again, it seems patently obvious that a claim concerning jury instructions would necessitate an evaluation of those very jury instructions – another aspect of the state-court record respondents apparently did not find relevant to the merits of the petition. At the very least, counsel for respondents has been derelict in meeting his obligations under Habeas Rule 5. At worst, counsel for respondents has deliberately omitted portions of the state-court record to the detriment of petitioner. Without the relevant record from his criminal proceedings, petitioner cannot be expected to generate an informed reply.

Compounding counsel's cavalier approach is that after the Court ordered respondents to supplement the record in this case with particular documents, counsel for respondents failed to timely comply with the Court's order, without so much as an explanation for his tardy response or request for an extension of time within which to comply. (Dkt. nos. 35-37.) Blatant disregard for the Court's orders is unacceptable by any party or attorney, but especially by counsel as seasoned as counsel for

respondents. The Court notes that counsel for respondents is treading dangerously close to sanctionable conduct with his actions in this case. To avoid any prejudice to petitioner arising out of the deficient record initially filed by respondents, the Court will allow petitioner an additional period of time in which to file a reply, should he so choose.

Petitioner has moved for reconsideration of the Court's order denying him counsel. (Dkt. no. 34.) Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994). Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is

an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001) (quoting *McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999)).

Here, petitioner fails to show that reconsideration is warranted. As has been explained to petitioner several times previously, his petition is well-written and sufficiently clear in presenting the issues that he wishes to bring. Even though petitioner asserts that the issues in his case are complex, that he is unable to adequately represent himself, that he is uneducated, and that the law clerk inmate who prepared his petition is no longer at the prison, the Court has determined that the issues in this case are not complex, and the factors in this case are not sufficient to warrant the appointment of counsel. Indeed, these factors are common among petitioners appearing before this Court. Accordingly, the Court finds no basis for reconsideration of its prior order denying the appointment of counsel.

IT IS THEREFORE ORDERED that petitioner SHALL file his reply within forty-five (45) days of the date of this order, should he choose to file a reply.

IT IS FURTHER ORDERED that petitioner's motion for reconsideration (dkt. no. 34) is DENIED.

DATED THIS 19th day of October 2012.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE