UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LELIS GRAHAM,<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>ATTORNEY GENERAL OF THE STATE OF NEVADA,<br><br>　　　　　　　　Respondents. | Case No. 2:09-cv-01069-MMD-VCF<br><br>ORDER |

This habeas matter currently is under review on the merits.  The Court has been unable to locate in the federal record a copy of the January 24, 2008, declaration and materials relied upon by petitioner in the state courts as principal alleged support for his claims of ineffective assistance of trial counsel.[1]  In future, respondents' counsel can assume when filing state court record materials that if a state submission has been specifically discussed in the state district court decision (dkt. no. 22-15, Ex. 13, at 2-3 & n. 1), the state supreme court decision (dkt. no. 22-18, Ex. 16, at 2-3), and respondents' own answer (dkt. no. 22, at 9), then the Court will want to see the submission as well in deciding the case.

---

[1] No chronological index of exhibits was filed with the answer (dkt. no. 22), and the CM/ECF attachments filed with the answer do not identify the exhibit or exhibits contained within the attachments.  The Court very much would prefer to not be left by counsel to go "fishing" through unmarked CM/ECF attachments looking for exhibits, much less without an index of exhibits for reference.  The Court understands that counsel is carrying a heavy case load, but the undersigned trusts that counsel understands that that also is true for the Court as well.  The Court also acknowledges that the later exhibit filing (dkt. no. 37) was not subject to these deficiencies.

1    The Court understands respondents' argument in the answer as to the relevance and materiality of the state post-conviction submission in relation to the trial evidence. However, as this order and the last record supplementation order reflect, it appears that respondents made the argument without also providing the Court with either the trial evidence or the post-conviction submission so that *the Court* independently could assess the relevance and materiality of the evidence and submission in context. While AEDPA review is deferential, it is neither toothless nor a rubber stamp of the state proceedings. Such review, most assuredly, is conducted at the very least on the same record not only considered but indeed expressly discussed by the state courts in deciding the merits. *E.g., Cullen v. Pinholster*, 131 S.Ct. 1388 (2011). The Court decides cases based upon what the record shows that the record says, not based upon what the parties say the record says.

IT IS THEREFORE ORDERED that, within fourteen (14) days of entry of this order, respondents shall file supplemental chronologically indexed exhibits including copies of the following state court materials: (a) the minutes from proceedings reflecting the grant of requests by petitioner for more time to develop supporting medical evidence on or about November 14, 2001; January 16, 2002; August 13, 2007; October 17, 2007; and December 19, 2007; (b) the previously-prepared transcripts from state post-conviction proceedings reflected on the online state district court docket sheet by June 17, 2008, entries; and (c) the declaration and all documents attached therewith filed on or about January 24, 2008. Each CM/ECF attachment in the filing shall identify the exhibit or exhibits contained within the attachment.

Given the age of the case, requests for extension of time will be considered only in the most extraordinary of circumstances.

DATED THIS 18th day of June 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

2